V. M. PURDY vs. MRS. LIZZIE M. TAYLOR AND HUSBAND.

GUNBY, J. Where the keeper of a wharf boat receives freight from steamboats and pays their bills, and charges these bills up in accounts with the consignees, to whom he delivers the goods without payment of the freight charges, his account is for money advanced and is prescriptible by three years. The wharfboatman is not the *negotiorum gestor* of the consignees, but simply an agent or factor engaged in a branch of commerce, charging commissions for his services.

2. Where a married woman, to whom her husband, in consideration of the marriage, gave a large estate, being all the property he had, it being stipulated in the marriage contract that no community should exist, spreads upon the public records a series of powers of attorney to her husband, in which the most extensive, general and special authority is granted to him to represent the wife and all her business and estate, and where her husband through a series of years transacts business with a wharf boatman as her agent, to whom an itemized account of the charges is delivered, made out against him, as agent of his wife, and he makes no objection to any item thereon, but afterwards, under special authority of his wife to acknowledge or create debts, acknowledges the entire correctness of the debit items of said account, and the plaintiff swears that he dealt with the husband solely as the agent of his wife, and understood that all the freight received and monies advanced were for her benefit and went to her plantation, it being proved that the husband had no property and no other business, except his agency for his wife; in such a case, held: the burden of proof is fairly on the wife to show that there is error in the account acknowledged by her universal agent. This case differs from one where the wife has been separated in property during marriage. There can be no community and no administration of the wife's property by the husband in any capacity, except as her agent. C. C. 2383. He has no estate, no business, and his wife occupies very nearly the condition of a *femme sole.* She is bound just as any other mandator for the acts of her agent, within the scope of his authority, and the Court will hold her bound for all items on the account contracted with and acknowledged by her agent, which the evidence does not show were not her debts.

3. Where there "remains nothing to the husband," the wife must pay the household expenses alone, and this Court holds that she is bound for shirts and other clothing furnished to her husband. He worked for her without pay, and it was just as

necessary to clothe him as to clothe children, or the wife herself. But the Court will exclude such items of said account as show on their face that they were not for the use of the family, or the benefit of her business or property. All other items, though not proved to have been used by her, if they may fairly be presumed to be proper, needful and customary in her business, will be charged to her, under the peculiar facts in this case. C. C. 2435.

4. Though it is shown that, during two years of the time through which said account run, the wife did not work her plantation, yet its revenues belonged exclusively to her, and she will be chargeable with monies advanced during those years, and which do not necessarily relate to the cultivation, when plaintiff furnished said items to her agent, and they were long afterwards acknowledged by him to be correctly charged to his wife.

The case is nearly allied to that of John Chaffe & Sons vs. Mrs. Ann L. Watts, decided by the Supreme Court in March, 1885.